STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey A. ADAMCZAK, Defendant-Appellant.†

Court of Appeals

*No. 2013AP310–CR. Submitted on briefs October 8, 2013.
—Decided November 5, 2013.*

2013 WI App 150

(Also reported in 841 N.W.2d 311.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kathleen M. Quinn* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney

general, and *Jacob J. Wittwer*, assistant attorney general.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. CURLEY, P.J. Jeffrey A. Adamczak appeals the judgment entered following a jury trial convicting him of one count of sexual exploitation by a therapist, contrary to Wis. Stat. § 940.22(2) (2005–06).[1] He also appeals the order denying his motion for postconviction relief. Adamczak argues on appeal that the trial court erroneously exercised its discretion when it permitted other acts testimony from Gail and Sarah, former patients of Adamczak's, that Adamczak made inappropriate comments towards them when they were patients. He contends that admitting the testimony of these two witnesses violated Wis. Stat. § 904.04(2) and the three-part test found in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998). In addition, Adamczak argues that his trial attorney was ineffective for failing to object to the admission of a letter written by the trial attorney and sent to the victim, Sabrina, before criminal charges were filed, in which the attorney expressed concern for Adamczak's mental health, and suggested a resolution other than reporting Adamczak to the authorities. Adamczak claims that the letter was "improper hearsay" and that it put his trial attorney in the position of being an unsworn witness whose letter gave rise to the unfair inference that Sabrina was possibly being intimidated or bribed, thus hurting Adamczak's credibility.

¶ 2. We conclude that the trial court erroneously exercised its discretion in permitting patients Gail and

---

[1] All subsequent references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

38

Sarah to testify to other acts evidence. However, given the strength of the State's case, particularly the numerous illuminating emails between Sabrina and Adamczak, and the properly admitted other acts testimony of patient Christie[2] concerning sexual contact that occurred several months before Adamczak's sexual contact with Sabrina, we find the admission of Gail's and Sarah's testimony to be harmless error. As to the claim of ineffective assistance of counsel for failing to object to the letter authored by trial counsel, we find no deficient performance as the letter was not hearsay under Wis. Stat. § 908.01(4)(b)3. because Adamczak approved it. In addition, we find the claim that the admission of the letter tainted the trial because the jury viewed Adamczak's attorney negatively, due to Sabrina testifying that the letter might have been written to intimidate her or as a bribe, has no merit. Consequently, we affirm.

## Background

¶ 3. Adamczak was charged on August 12, 2010, with two counts of sexual exploitation by a therapist for incidents that occurred in 2004 and 2005. Count 1 alleged that Adamczak had sexual contact with Sabrina in early 2005. Count 2 alleged that Adamczak had sexual contact with Christie in late 2004. The count concerning patient Christie was dismissed when it was discovered that the alleged acts occurred outside Milwaukee County. Patient Christie did testify at trial, though. Prior to any criminal charges being filed, Adamczak sought the help of his friend, Attorney Gerald Boyle. At Adamczak's direction, Attorney Boyle wrote a letter to the victim,

---

[2] Adamczak does not dispute that the testimony of patient Christie was properly admitted.

Sabrina, in which Boyle stated, among other things, that he was worried about Adamczak's mental health concerning an issue between the two of them, and asked Sabrina if there might be a solution to restore Adamczak's well-being that did not include her pursuing formal charges against him. This letter was later admitted into evidence at trial without objection.

¶ 4. While the case was pending, the State sought to introduce other acts evidence consisting of reports by three other female patients who claimed that Adamczak made inappropriate statements to them: Laurie, Gail, and Sarah. The State also sought to call patient Christie, who, as noted, reported that Adamczak had sexual contact with her. Later, shortly before trial, the State attempted to introduce other acts evidence of another former patient, Allison. Briefs were filed by both sides. At trial, the State was permitted to introduce testimony from Christie, Gail, and Sarah, but was not allowed to introduce the testimony of Laurie and Allison.[3]

¶ 5. A jury trial was commenced on August 29, 2011. Adamczak was represented by Attorney Boyle. Adamczak's defense was that he did engage in sexual contact with Sabrina, but it did not occur until after they had terminated their therapist-patient relationship. The jury heard testimony from Christie, Gail, Sarah, and Sabrina, the victim. Adamczak testified and denied having any sexual contact with Christie, while maintaining that sexual contact with Sabrina did not occur while she

---

[3] Judge Dennis Cimpl heard the original motion seeking to admit other acts evidence, and determined that patients Christie, Gail, and Sarah would be allowed to testify, but that Laurie would not be allowed to testify. Judge Rebecca Dallet heard and denied the second motion seeking to introduce other acts testimony of Allison. Judge Dallet also presided over the trial and denied Adamczak's postconviction motions.

40

was his patient. As noted, the letter sent to Sabrina by Attorney Boyle was admitted into evidence. Also, several people testified on behalf of Adamczak. The jury found Adamczak guilty. He was sentenced to twelve months in the House of Correction with Huber privileges. He was also assessed costs. Adamczak brought a postconviction motion seeking a sentence modification, which was denied. Later, appellate counsel filed another postconviction motion alleging ineffective assistance of trial counsel for failing to object to the attorney-authored letter being admitted at trial. This motion was also denied. This appeal follows.

## ANALYSIS

A. *The motion judge erroneously exercised its discretion in allowing two of Adamczak's former patients to testify, but any error was harmless.*

¶ 6. Adamczak's first argument on appeal is that the trial court erroneously exercised its discretion in allowing Gail and Sarah to testify. "We apply the erroneous exercise of discretion standard to . . . evidentiary issues in this case." *See State v. Shomberg*, 2006 WI 9, ¶ 10, 288 Wis. 2d 1, 709 N.W.2d 370. Our inquiry is " 'highly deferential.' " *See id.*, ¶ 11 (citation omitted). " 'The question on appeal is not whether this court, ruling initially on the admissibility of the evidence, would have permitted it to come in, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record.' " *See id.* (citation omitted). We uphold evidentiary rulings if we conclude that the trial court " 'examined the relevant facts, applied a proper standard of law, used a demonstrated rational process, and

41

reached a conclusion that a reasonable judge could reach.' " *Westport Ins. Corp. v. Appleton Papers Inc.*, 2010 WI App 86, ¶ 48, 327 Wis. 2d 120, 787 N.W.2d 894 (citation omitted).

¶ 7. WISCONSIN STAT. § 904.04 prohibits the admission of character evidence to prove that the person acted in conformity with the character or trait on a particular occasion. However, the statute spells out certain exceptions. Section 904.04(2) is one such exception. It reads:

> OTHER CRIMES, WRONGS OR ACTS. (a) Except as provided in par. (b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶ 8. In *Sullivan*, the supreme court outlined the analytical framework used to determine the admissibility of other acts evidence under WIS. STAT. §§ 904.04(2) and 904.03. *Sullivan* sets out a three-step analysis for determining whether the "other acts" evidence is admissible.

> (1) Is the other acts evidence offered for an acceptable purpose under WIS. STAT. § (Rule) 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident?

> (2) Is the other acts evidence relevant, considering the two facets of relevance set forth in WIS. STAT. § (Rule) 904.01? The first consideration in assessing relevance is whether the other acts evidence relates to a fact or proposition that is of consequence to the

determination of the action. The second consideration in assessing relevance is whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence.

(3) Is the probative value of the other acts evidence substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence? *See* WIS. STAT. § (Rule) 904.03.

*Id.*, 216 Wis. 2d 768 at 772–73 (footnote omitted).

██

¶ 9. If we do determine that the trial court erroneously exercised its discretion in admitting or excluding evidence, we must then "conduct a harmless error analysis to determine whether the error 'affected [Adamczak's] substantial rights.'" *See Martindale v. Ripp*, 2001 WI 113, ¶ 30, 246 Wis. 2d 67, 629 N.W.2d 698 (citation omitted); *see also State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). In other words, we must determine "whether there is a reasonable possibility that the error contributed to the conviction." *See Dyess*, 124 Wis. 2d at 543. Whether an error was harmless presents a question of law that this court reviews *de novo*. *State v. Ziebart*, 2003 WI App 258, ¶ 26, 268 Wis. 2d 468, 673 N.W.2d 369.

¶ 10. Adamczak argues that the motion judge erroneously exercised its discretion in allowing patients Gail and Sarah to testify because their experiences with Adamczak were dissimilar from the allegations in the complaint, remote in time from the charged offense, and therefore their testimony was not probative for any proper purpose under WIS. STAT. § 904.04(2), and any

arguable probative value was substantially outweighed by its improperly prejudicial effect.

¶ 11. Gail testified that she had several visits with Adamczak, during some of which he made inappropriate comments. She testified that on her second visit Adamczak inquired how she got along with her husband, and then he said: "Do you undress him with those crazy eyes like you're undressing me right now?" Gail also testified that Adamczak said, in a suggestive manner, that he would like to hypnotize her and have her "let me do my thing." Gail never alleged that Adamczak touched her or had sexual contact with her, though.

¶ 12. Patient Sarah's experiences with Adamczak were similar to Gail's. Sarah was seventeen years old when she started seeing Adamczak in 2000. She saw him for about a year and a half. During that time Adamczak would tell her what to do to appear attractive to men and he encouraged her to have sex with her boyfriend. Sarah stopped seeing Adamczak because of his inappropriate comments. Adamczak never had any sexual contact with her.

¶ 13. Although the State argued that the testimony of Gail and Sarah showed Adamczak's motive and intent, the trial court questioned whether the testimony was relevant. Ultimately, however, the motion judge ruled that because Adamczak's statements to patients Gail and Sarah were not, in his opinion, the type of statements a therapist would make to a patient, he permitted their testimony.

¶ 14. We conclude that the trial court erroneously exercised its discretion because neither Gail's nor Sarah's testimony meets the three-factor test set forth in *Sullivan*.

¶ 15. Addressing the first factor, we conclude that the testimony was not offered for an acceptable purpose.

44

*See id.*, 216 Wis. 2d at 772. The fact that the motion judge thought Adamczak made inappropriate comments to two patients is not an acceptable reason under Wis. Stat. § 904.04(2) to allow other acts evidence to be admitted at his trial for unlawful sexual contact. Moreover, because the testimony was, as we will discuss in more detail below, dissimilar as to what Adamczak was alleged to have done and when he was alleged to have done it,[4] it does not show motive and intent, as the State argues.

¶ 16. Addressing the second *Sullivan* factor, we conclude that the testimony was irrelevant. *See id.*, 216 Wis. 2d at 772. The statements made to Gail and Sarah established that Adamczak might have engaged in boorish behavior towards the two women, but they throw no light on when Adamczak began having sexual contact with Sabrina. As noted, at trial Gail testified that Adamczak never touched, hugged, or kissed her, and never sought to contact her. The same is true with Sarah. Adamczak never touched or kissed her, nor did he contact her. Thus, as *Sullivan* instructs, their testimony does not have "a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence," *see id.*, because "the probative value lies in the similarity between the other act and the charged offense," *see id.* at 786. Here, there is little similarity between the other acts evidence and the charged offense. Consequently, we conclude the motion court erroneously exercised its discretion in allowing patients Sarah and Gail to testify.

¶ 17. Because we conclude that the evidence was irrelevant, we need not consider the third *Sullivan*

[4] Originally Gail reported that she went to see Adamczak in 2004. Apparently insurance records reflected that Gail's visits occurred in 2001.

factor. *See id.* at 772–73 (considering whether probative value is outweighed by unfair prejudice assumes evidence *is* probative); *see also State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("cases should be decided on narrowest possible ground"). Adamczak was charged with sexual contact with a patient. Because the testimony of Sarah and Gail did not make it more or less probable that Adamczak had sexual contact with Sabrina during the time that she was his patient, there is no need to consider whether the probative value of the testimony outweighs any unfair prejudice. In sum, the testimony of Gail and Sarah did not pass the *Sullivan* test, and consequently, the motion judge erroneously exercised its discretion in admitting their testimony.

█

¶ 18. However, our finding that the trial court should not have admitted the testimony of Sarah and Gail does not end the matter. We next look to see if this admission was harmless error. The test for harmless error is "whether there is a reasonable probability that the error contributed to the conviction." *Dyess*, 124 Wis. 2d at 543. We are satisfied that the testimony of patients Sarah and Gail did not contribute to Adamczak's conviction. While the testimony of the two women was unflattering to Adamczak, neither claimed to have had any physical contact with Adamczak, nor to have been directly solicited for sexual contact. At best, their testimony suggested that Adamczak was inappropriate with two of his patients. Indeed, Sarah was Adamczak's patient for over two years and his conduct towards her never escalated. Thus, her testimony did not support the State's argument made at the motion hearing that Adamczak "use[s] his position as a therapist to obtain sexual contact from these patients" and that

Adamczak "was driven by a sexual intent." Further, their testimony, given the benign nature of Adamczak's statements, did not poison the jury towards Adamczak.

¶ 19. The most damning testimony to Adamczak's case has not been challenged on appeal. Patient Christie's testimony that, in late 2004, Adamczak kissed her and then put his hand down her pants and touched her genitals, in almost the identical manner as described by Sabrina, was fatal. The jury could surmise that if Adamczak was willing to have sexual contact with one patient in an identical manner as alleged by Sabrina while acting as her therapist, his defense that he did not have sexual contact with Sabrina until after she was no longer his patient was seriously undermined. In addition, numerous email exchanges between Sabrina and Adamczak strongly pointed to sexual contact while Sabrina was still his patient. Thus, we conclude that there was no reasonable possibility that the admission of testimony from patients Gail and Sarah contributed to the conviction. *See id.*

B. *Adamczak's trial attorney was not ineffective, nor was his credibility at issue.*

¶ 20. Adamczak claims that his trial attorney was ineffective because he failed to object to the admission of the letter sent to Sabrina in which the attorney claimed to be concerned about Adamczak's mental health due to an issue between Adamczak and Sabrina, and suggested that perhaps a solution could be found that would not require Sabrina to report him. Adamczak argues that this was deficient performance because the letter was improper hearsay. He also claims that by allowing the letter to be read to the jury, it "put defense counsel in the

47

position of being an unsworn witness whose credibility was implicitly at issue." We disagree with both contentions.

¶ 21. The two-pronged test for claims of ineffective assistance of counsel requires a defendant to prove both that the lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must show specific acts or omissions of the lawyer that are "outside the wide range of professionally competent assistance." *Id.* at 690. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If a defendant fails to satisfy one prong of the analysis, the reviewing court need not address the other. *Id.* at 697.

¶ 22. The general rule in Wisconsin is that hearsay is inadmissible. *See* WIS. STAT. § 908.02. However, WIS. STAT. § 908.01(4)(b) sets out examples of statements which are not hearsay:

> STATEMENTS WHICH ARE NOT HEARSAY. A statement is not hearsay if:
>
> . . . .
>
> (b) *Admission by party opponent.* The statement is offered against a party and is:
>
> 1. The party's own statement, in either the party's individual or a representative capacity, or
>
> 2. A statement of which the party has manifested the party's adoption or belief in its truth, or
>
> 3. A statement by a person authorized by the party to make a statement concerning the subject, or

4. A statement by the party's agent or servant concerning a matter within the scope of the agent's or servant's agency or employment, made during the existence of the relationship, or

5. A statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

¶ 23. There is evidence in the record that Adamczak approved Attorney Boyle writing the letter to Sabrina. Therefore, the letter falls clearly within Wis. Stat. § 908.01(4)(b)3. as a "statement by a person authorized by the party to make a statement concerning the subject." Here, Adamczak authorized Attorney Boyle to make a statement, *i.e.,* to write a letter to Sabrina concerning her decision to report Adamczak to the authorities. Consequently, the letter was admissible. Trial counsel is not ineffective for failing to bring meritless challenges. *State v. Berggren,* 2009 WI App 82, ¶ 21, 320 Wis. 2d 209, 769 N.W.2d 110. Because Adamczak is unable to prove deficient performance, his challenge of trial counsel's effectiveness fails. *See Strickland,* 466 U.S. at 687, 697.

¶ 24. Furthermore, while Adamczak points out numerous problems with a trial lawyer making admissions on behalf of a client, such as impairment of the right against self-incrimination, the right to counsel of one's choice and the right to effective assistance of counsel, none of those concerns are present here. Adamczak testified, Attorney Boyle did not, nor was there any reason for him to testify.

¶ 25. Adamczak's final argument, that this situation put "defense counsel in the position of being an unsworn witness whose credibility was implicitly at

49

issue," also gains little traction. Attorney Boyle argued convincingly in his closing argument as to why he sent the letter. He explained that his friend was in a terrible state and he was concerned about his mental well-being. As to the jury being prejudiced against Adamczak and his attorney due to a statement made in Sabrina's testimony, this argument is without merit. Sabrina testified that, after receiving the letter, she did not "know what the letter meant," and further stated:

> My mind went [in] three or four different directions. I thought it could have been intimidation. I thought it could have been a bribe letter. I thought – it said, he's crazy, so, well, what do I have to do? How am I responsible about him being crazy? I have no authority to help Attorney Boyle with his craziness. I didn't know what to think.

Clearly, Sabrina did not seriously believe the letter was meant to be intimidating or a bribe; it was just a fleeting thought after receiving a rather cryptic letter. It is well to note that shortly thereafter she reported Adamczak to the authorities. With the exception of that one statement in the record, no evidence was presented to suggest that Attorney Boyle was trying to intimidate Sabrina or offer her a bribe. Arguing that the jury may have thought so, and disliked Adamczak's attorney and also, in turn, Adamczak, is sheer speculation.

¶ 26. As noted earlier, the State had an extremely strong case against Adamczak. While the letter was a key piece of evidence, it was properly admitted and its contents did not harm Adamczak's attorney's credibility. For the reasons stated, we affirm.

*By the Court.*—Judgment and order affirmed.